**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**TOMMY STUCKEY,**                                                                 **PETITIONER**

**v.**                         **No. 2:09CV207-P-A**

**WARDEN CASKEY, ET AL.**                     **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Tommy Stuckey for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed. Stuckey has not responded to the motion, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted and instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

Stuckey entered petitions to plead guilty to statutory rape and sale of cocaine in the Circuit Court of Coahoma County, Mississippi. On February 23, 2001, Stuckey was sentenced to serve one year in the custody of the Mississippi Department of Corrections with four years post-release supervision in both causes, to be served concurrently. On May 24, 2006, Stuckey's post-release supervision was revoked in both causes and he was ordered to serve four years in the custody of the Mississippi Department of Corrections. It is this revocation which Stuckey challenges in the instant habeas petition. "An order revoking a suspension of sentence or revoking probation is not appealable." *Griffin v. State,* 382 So.2d 289, 290 (Miss.1980) (quoting *Pipkin v. State,* 292 So.2d 181, 182 (Miss.1974)). Stuckey filed a "Motion for Post-Conviction Collateral Relief" in the trial court, which he signed on October 18, 2008.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Stuckey's new sentence became final on the day his original suspended sentence was revoked and his new sentence was imposed – on May 24, 2006. Therefore, Stuckey's federal petition for a writ of *habeas corpus* was due on or before May 24, 2007. Stuckey did not file any motions seeking post-conviction or other collateral review in the trial court during the period between May 24, 2006, and May 24, 2007; as such, he does not enjoy statutory tolling of the limitations period. 28 U.S.C. § 2244(d). Stuckey did file a "Motion for Post-Conviction Collateral Relief" in the trial court, which he signed on October 18, 2008. This petition was,

however, filed beyond the expiration of the limitations period, and, as such, Stuckey is not entitled to statutory tolling for the period during which it was pending.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on November 17, 2009, and the date it was received and stamped as "filed" in the district court on November 20, 2009. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 908 days after the May 24, 2007, filing deadline. Stuckey does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510 (5th Cir. 1999). The instant petition will therefore be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 22nd day of February, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE